*Resultando* que notificada dicha nota al Colector de Rentas de Ponce, como no estuviera conforme con la negativa del Registrador, elevó éste las certificaciones de que se trata á esta Corte Suprema para su resolución, reproduciendo el informe que había emitido antes en los casos de Martín Vargas, Rafael Bermejo y Mariana Colón, y ampliándolo con las demás razones que estimó pertinentes á su derecho.

Abogado del recurrente: *Sr Rossy, Fiscal.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la Opinión del Tribunal.

Por los fundamentos de la resolución dictada en esta misma fecha por esta Corte Suprema en el recurso gubernativo interpuesto á nombre del Pueblo de Puerto Rico contra negativa del Registrador de la Propiedad de Ponce á inscribir las certificaciones de venta de tres solares rematados para el pago de contribuciones atrasadas y que es de perfecta aplicación al presente caso.

Se confirma la nota denegatoria puesta por el Registrador de la Propiedad de Ponce, al pie de las certificaciones de que se trata en el presente recurso, y con copia certificada de la citada resolución, de la que también se pondrá copia á continuación, y de la presente, devuélvasele al Registrador de la Propiedad de dicha ciudad á los efectos procedentes.

Jueces concurrentes: Sres. Hernández, Figueras, Mac Leary y Wolf.

---

Teissoniere v. El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de Ponce.

No. 11. Resuelto en Enero 25, 1905.

Resuelto por los propios fundamentos de la Opinión

emitida en el caso No. 13 de *El Pueblo de Puerto Rico* v. *El Registrador de la Propiedad,* pág. 8.

### EXPOSICIÓN DEL CASO.

Visto el presente recurso gubernativo interpuesto á nombre de Don José Teissoniere contra negativa del Registrador de la Propiedad de Ponce á inscribir una certificación expedida por el Colector de Rentas de aquella ciudad, sobre venta de un solar rematado para el pago de contribuciones.

*Resultando* que seguido por el colector de Rentas de Ponce expediente de apremio contra Elena Fortier como deudora de contribuciones atrasadas, se le embargó un solar radicado en el barrio de la calle de la salud, de aquella ciudad, el que se sacó á pública subasta y se le adjudicó á Don José Teissoniere como único postor; y que presentada al Registrador para su inscripción la certificación expedida á favor de Teissoniere, le fué denegada por el Registrador, por no resultar inscrito el solar á favor de la deudora, ni de ninguna otra persona, según nota puesta al dorso de la certificación de referencia.

*Resultando* que notificada dicha nota al encargado de la parte interesada, elevó el Registrador la certificación del Colector á esta Corte Suprema para su resolución, habiendo comparecido después ante esta Corte Don Javier Mariani en representación del interesado Don José Teissoniere, combatiendo la negativa del Registrador por las razones que estimó pertinentes á su derecho.

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la Opinión del Tribunal.

Por los fundamentos de la resolución dictada en esta misma fecha por esta Corte Suprema en el recurso gubernativo interpuesto á nombre del Pueblo de Puerto Rico contra negativa del Registrador de la Propiedad de Ponce á inscribir las certificaciones de venta de tres solares

rematados para el pago de contribuciones atrasadas y que es de perfecta aplicación al presente caso.

Se confirma la nota denegatoria puesta por el Registrador de la Propiedad de Ponce, al pie de las certificaciones de que se trata en el presente recurso, y con copia certificada de la citada resolución, de la que también se pondrá copia á continuación, y de la presente, devuélvasele al Registrador de la Propiedad de aquella ciudad, á los efectos que procedan.

Jueces concurrentes: Sres. Hernández, Figueras, Mac Leary y Wolf.

---

## COLÓN *v.* COLÓN.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 21. Resuelto en Enero 26, 1905.

HIPOTECAS.—QUIEBRA. Las disposiciones de la Sección 11 de la Ley de Quiebra del Congreso de los Estados Unidos, aprobada en Julio 1, 1898, no pueden tener un alcance tan general que permita darles aplicación con respecto á gravámenes constituídos con seis años de anterioridad á la presentación del deudor en quiebra.

HIPOTECAS Ó GRAVÁMENES CONSTITUIDOS Y REGISTRADOS DE BUENA FE.—Las hipotecas ó gravámenes constituidos y registrados en el Registro de la Propiedad en circunstancias tales que demuestren que han sido otorgados y aceptados con absoluta buena fe, y no con ánimo de burlar las disposiciones de la Ley de Quiebra, no pueden ser afectados por esta ley.

ID.—SUSPENSIÓN DEL PROCEDIMIENTO EJECUTIVO.—JURISDICCIÓN ADQUIRIDA POR LA CORTE INSULAR CON ANTERIORIDAD Á LA PRESENTACIÓN DE UNA PETICIÓN DE QUIEBRA EN LA CORTE FEDERAL. La circunstancia de que después de iniciado un procedimiento sobre ejecución de hipoteca, en una Corte de Distrito, el deudor presentare en la Corte Fedral una solicitud interesando se le declare en estado de quiebra, no es motivo que justifique la suspensión del procedimiento de ejecución, pues dicha Corte de Distrito adquirió jurisdicción sobre la materia y sobre las personas, con anterioridad á la petición de quiebra, y en tales condiciones, procede que continúe el procedimiento con arreglo á ley, hasta llevarlo á completa terminación.

ID.—TÍTULO ANTERIORMENTE INSCRITO. El procedimiento ejecutivo no se suspenderá por las reclamaciones de un tercero, á no ser que se fundaren en un título anteriormente inscrito, ni por la muerte del deudor, ó del tercer poseedor, ni por la declaración de quiebra, ni por el concurso de acreedores de cualquiera de ellos.

Los hechos están expresados en la Opinión.